IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSE P. MANCILLA, SR.
and HORTENCIA H. MANCILLA                                          PLAINTIFFS

v.                              05-CV-2097

MIKI MOLNAR, a DEA Task Force Officer;
PAUL SMITH, a DEA Task Force Officer;
and WES HEARON, a DEA Task Force Officer                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendants' Motion to Dismiss Amended Complaint (Doc. 19) and Plaintiffs' response (Doc. 21). Defendants contend Plaintiffs' Amended Complaint (Doc. 15) should be dismissed as they have failed to state claims upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiffs bring this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Plaintiffs allege a violation of their Fourth Amendment rights. For the reasons stated herein, Defendants' motion is GRANTED and Plaintiff's amended complaint is DISMISSED WITH PREJUDICE.

**Background**

On June 9, 2004, Defendants executed a search warrant on Plaintiffs' residence, 108 South 44th Street, Van Buren, Arkansas. The search warrant described the property as:

"(SEE ATTACHMENT "B")[1] which contraband/property/records

---

[1] ATTACHMENT "B" is a detailed list of items to be searched for and seized that relate to possession and/or distribution of a controlled substance; or a conspiracy to do such; structuring or money laundering designed to conceal or disguise the nature, location, source, ownership, or control of proceeds of a controlled substance, or to avoid a transaction reporting requirement.

>     are fruits and instrumentalities evidencing acts in
>     violations of Title 21 U.S.C. Sections 841(a)(1) and 846,
>     Title 18 U.S.C. Sections 1956(a) and 1956(h), Title 31
>     U.S.C. Section 5324(a) as evidence[d] by the Affidavit[2]
>     of Task Force Officer Paul Smith attached to the
>     Application and Affidavit for Search Warrant, which are
>     incorporated by reference herein."

Defendants seized bank statements, cancelled checks, escrow and loan papers, car titles, a cell phone, receipt book, phone books, phone records, and miscellaneous records. (Doc. 15 Ex. A "Receipt for cash or other items".) Defendants also seized passports, Mexican identification cards, U.S. and Mexican coins, a marriage license, and miscellaneous documents. (Doc. 15 Ex. C.) All documents seized were subsequently returned to Plaintiffs along with a set of digital scales and a cell phone with charger. (Doc. 5 Ex. 2.)

Plaintiffs contend "Attachment B" was not attached to the search warrant and they were given no detailed description of the items to be seized in violation of the Fourth Amendment. Defendants contend the search warrant complied with Fed. Rule Crim. P. 41(e)(2) and that Plaintiffs' constitutional rights were not violated.

**Discussion**

In ruling on a motion to dismiss, a district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumply-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588 (8th Cir. 2004) (citations omitted).

---

[2] Affidavit of Task Force Officer Paul Smith was filed under seal and not attached to the search warrant. (Doc. 15 ¶ 11.)

Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id*.

The Fourth Amendment provides that no search warrant shall issue without probable cause "supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The particularity requirement prevents "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). It also "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." *Groh v. Ramirez*, 540 U.S. 551, 561, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). To satisfy the particularity requirement of the amendment, a warrant must be sufficiently definite to enable the searching officers to identify the property that maybe seized. *U.S. v. Lloyd*, 396 F.3d 948 (8th Cir. 2005). A search performed under a warrant that does not particularize the items to be seized is unconstitutional. *Id*.

Plaintiffs contend that the search warrant did not meet the Fourth Amendment's unambiguous requirement that a warrant "particularly describe...the persons or things to be seized". Plaintiffs contend "Attachment B" was not attached to the search warrant.[3] Plaintiffs cite *Groh v. Ramirez,* 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) in support of their contention. In

---

[3] Plaintiffs do not contend, and we do not address, whether "Attachment B" "particularly describ[ed]...the persons or things to be seized".

*Groh*, the Supreme Court held that a search warrant that failed to describe the persons or things to be seized was invalid on its face, notwithstanding that requisite particularized description was provided in search warrant application. *Groh*, 540 U.S. at 556. However, *Groh* is distinguishable from the instant case because the search warrant in *Groh* did not describe the items to be seized *at all*. In our case, a description is provided on the face of the warrant which Plaintiffs contend is inadequate.

The warrant identified the property to be searched as those things that were fruits and instrumentalities evidencing acts in violations of Title 21 U.S.C. Sections 841(a)(1) and 846[4], Title 18 U.S.C. Sections 1956(a) and 1956(h)[5] and Title 31 U.S.C. Section 5324(a)[6]. Plaintiffs contend the warrant authorized a general search because the agents seized not only financial and tax documents, but immigration papers, passports, insurance documents, marriage licenses, old report cards, bank statements unrelated to the accounts at issue, VCR manuals, title to property not listed in

---

[4] Title 21 U.S.C. Section 841(a) states "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally - (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

Title 21 U.S.C. Section 846 states "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

[5] Title 18 U.S.C. Section 1956(a) deals with laundering of monetary instruments, 1956(h) deals with conspiracy to commit laundering of monetary instruments or conspiracy to engage in monetary transactions in property derived from specified unlawful activity.

[6] Title 31 U.S.C. Section 5324(a) deals with structuring transactions to evade reporting requirement prohibited - domestic coin and currency transactions involving financial institutions.

the warrant, family pictures, U.S. and Mexican coins, and other miscellaneous and irrelevant documents and materials. We find the agents were limited in their seizure to property and records dealing with money laundering and financial transactions related to a controlled substance. The agents, in their search, might seize irrelevant items and while we do not condone the seizure of items not described in the warrant, we find these items were properly seized as property and records which could be evidence of violations of the stated statutes. "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice because less particularity can be reasonably expected than for goods (such as those stolen) whose exact identity is already known at the time of issuance." *U.S. v. Wayne*, 903 F.2d 1188, 1195 (8th Cir. 1990) (quoting *U.S. v. Johnson*, 541 F.2d 1311, 1314 (8th Cir. 1979)).

**Conclusion**

Accordingly, Defendants' motion to dismiss is GRANTED and Plaintiffs' amended complaint is DISMISSED WITH PREJUDICE. All parties are to bear their own costs.

IT IS SO ORDERED this 2nd day of June, 2006.

/s/Robert T. Dawson
Robert T. Dawson
United States District Judge